## JOHN MACK *vs.* JOHN PARKS.

A watch upon a debtor's person is not liable to attachment, and an officer who, upon its being handed to him by the debtor, merely to be looked at, while still annexed to a silk guard which passes around the debtor's neck, severs the guard and attaches the watch, is a trespasser.

ACTION OF TORT for taking the plaintiff's watch from his person and carrying it away, and converting it to the defendant's use. The question whether the taking was lawful was submitted to the decision of the court upon the following facts :

The defendant was a deputy sheriff and acting in his official capacity at the time of the tort alleged. While the plaintiff and one or two others were in a shop, talking about watches, the defendant came in, and joined in the conversation. In the course of it, the plaintiff took the defendant's watch into his hands to compare its weight with that of his own, and then handed both to the defendant. The defendant then (still holding the plaintiff's watch in his hand) told the plaintiff that he had a writ against him and must attach his watch, and asked him to take it off, it being connected to his person by a silk band which passed about his neck. The plaintiff refused to take it off; upon which the defendant severed the band at the place where it was sewed together, and took the watch; and afterwards, before the beginning of this suit, tendered to the plaintiff the value of the silk band.

*D. Granger,* for the plaintiff, cited 3 Bl. Com. 8; Rev. Sts. c. 90, § 24; c. 97, § 19; *Collins* v. *Renison,* Sayer, 139; *Storey* v. *Robinson,* 6 T. R. 138; *Pierce* v. *Jackson,* 6 Mass. 244; *Bond* v. *Ward,* 7 Mass. 123; *Badlam* v. *Tucker,* 1 Pick. 399; *Ilsley* v. *Nichols,* 12 Pick. 270.

*A. M. Copeland,* for the defendant. The only principle upon which the plaintiff could maintain this action is that things in actual use are exempt from attachment — which does not apply to articles of luxury. *Potter* v. *Hall,* 3 Pick. 373, 374. And as the watch was voluntarily placed by the plaintiff in the defendant's possession, there was no danger of a breach of the peace, which is the only reason given for the exemption of things in actual use. *Simpson* v. *Hartopp,* & note, 1 Smith's Lead. Cas. 190, 193.

The officer was no more guilty of trespass in this case in breaking the ribbon attached to the plaintiff's watch, than he would be in breaking the inner doors of a house after he had lawfully gained an entrance, or in breaking the lock of a chest after the key had been demanded and refused. But if he were liable, it would be only for the value of the guard tape; and he tendered the plaintiff the value of that before this suit was begun.

This case was decided at Boston in January 1858.

BIGELOW, J.    The justification, on which the defendant relies in answer to the trespass alleged in the declaration, depends on the right of a sheriff or other officer to attach on mesne process articles worn on the person of the debtor as part of his dress or apparel at the time the attachment is made, or then in his actual manual possession and use.

We are not aware that any such right has ever before been asserted in this commonwealth.    There is no judicial recognition of it, and we are quite sure that there has never been any attempt practically to enforce it.    It can hardly be supposed, that the omission to exercise it has been caused by forbearance or ignorance.    Creditors are not apt to slumber over their rights, or lose them for want of vigilance, or out of tenderness towards their delinquent debtors.    This consideration is entitled to great weight, because we are to seek for the origin and foundation of the right on which the defendant rests his justification, among those well understood and recognized usages and customs, which have become a part of our unwritten law.

By the Rev. Sts. c. 90, § 24, it is provided that all goods and chattels that are liable to be taken on execution may be attached, " except such as, from their nature or situation, have been considered as exempted from attachment, according to the principles of the common law as adopted and practised in this state."    Our system of attachment on mesne process was derived from the ancient rule of the common law, by which, as part of the service of civil process, goods which were properly subject to distress were allowed also to be taken by a species of distress, and held as *vadii* or pledges to compel the appearance of the defendant. This right was afterwards extended by colonial ordinances, so that the goods taken might be held as security for the judgmen which the plaintiff might recover.    But, with a few exceptions, the kind of goods lawfully subject to distress or attachment has never been defined by statute, either under the colonial or state government.    It must therefore be determined by the common law.    *Bond* v. *Ward*, 7 Mass. 128.

It seems to be perfectly well settled at common law, that

chattels in the actual possession and use of a debtor cannot be taken or distrained. It is laid down in Co. Lit. 47 *a*, that "although it be of valuable property, as a horse, &c., yet when a man or woman is riding on him, or an axe in a man's hand cutting of wood and the like, they are for that time privileged and cannot be distrained." So "if nets are in the hands of a man, they cannot be distrained any more than a horse on which a man is." Hargrave's note (294). S. P. *Read* v. *Burley*, Cro. Eliz. 539, 596. In the leading case of *Simpson* v. *Hartopp*, Willes, 512, which Mr. Justice Buller says (4 T. R. 568) is "of great authority, because it was twice argued at the bar, and Lord Chief Justice Willes took infinite pains to trace with accuracy those things which are privileged from distress," it is distinctly adjudged that things in actual use cannot be taken or distrained; and the reason given is, that an attempt to distrain such articles would lead to a breach of the peace. In the modern case of *Sunbolf* v. *Alford*, 3 M. & W. 253, it is laid down as well settled law, that "goods in the actual possession and use of the debtor cannot be distrained"; "a man's clothes cannot be taken off his back in execution of a *fieri facias*." The main ground on which these and other authorities rest is, that it would tend directly to a collision and breach of the peace, if articles thus situated were allowed to be taken from the hands of a debtor. *Gorton* v. *Falkner*, 4 T. R. 565. *Storey* v. *Robinson*, 6 T. R. 139. *Adames* v. *Field*, 12 Ad. & El. 649, and 4 P. & Dav. 504. Com. Dig. Distress, C. Gilbert on Distresses, 43. There are many articles of personal property, subject to attachment under our laws and usages, which could not have been distrained or taken at common law under the rule as stated in the earliest authorities. *Potter* v. *Hall*, 3 Pick. 368. But in the absence of any proof of usage or custom in this state, from which it might be inferred that a different rule of law has ever been adopted, the present case falls within the principles on which the English authorities rest, and must be governed by them.

The watch, at the time it was taken by the defendant, was in the plaintiff's actual possession and use, worn as part of his

dress or apparel, and was severed from his person by force. Such an act, if permitted, would tend quite as directly to a breach of the peace as to take from a man the horse on which he was riding, or the axe with which he was felling a tree. It is indeed a more gross violation of the sanctity of the person, and tends to a greater aggravation of the feelings of the debtor Nor would it be practicable to place any limit to the exercise of such a right. If allowed at all, it must extend to every article of value usually worn or carried about the person; if an officer can sever a silken cord, he may likewise break a metallic chain; if he can seize and take a watch, so he may wrest a breastpin or earring from the person, or thrust his hand into the pocket and carry off money; he may, in short, resort to any act of force necessary to enable him to attach property in the personal custody of the debtor. It is obvious that such a doctrine would lead to consequences most dangerous to the good order and peace of society.

It is no answer to this action, that the defendant tendered to the plaintiff the value of the cord by which the watch was attached to the person, or that the watch itself, detached from the person, was subject to attachment. The wrong consists in having taken an article from the person of the plaintiff, which was at the time by law exempted from attachment. The mode in which it was done is wholly immaterial. He is liable for the value of the watch, being a trespasser *ab initio.* " No lawful thing, founded on a wrongful act, can be supported." *Luttin* v. *Benin,* 11 Mod. 50. *Ilsley* v. *Nichols,* 12 Pick. 270. The watch, although liable to attachment if it had been taken by the defendant when not connected with the person of the plaintiff, was wrongfully seized and cannot now be held under the attachment. *Judgment for the plaintiff.*